J-A22020-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| TASHA L. DODD | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ADAM J. BOWSER | : | |
| | : | |
| Appellant | : | No. 544 WDA 2023 |

Appeal from the Order Dated April 13, 2023
In the Court of Common Pleas of Armstrong County Civil Division at
No(s):  2022-0986-CIV

BEFORE:  BOWES, J., OLSON, J., and KING, J.

MEMORANDUM BY OLSON, J.:                **FILED:  November 21, 2023**

Appellant, Adam J. Bowser ("Father"), appeals from the order entered April 13, 2023, modifying Father's custody arrangement with Tasha L. Dodd ("Mother") regarding the parties' three children, A.F.B., A.C.B., and A.A.B. (collectively, the "Children."). We affirm.

The facts and procedural history of this case are as follows. Mother and Father

> were formally married to each other and have [three] . . . children that were the product of the marriage: A.F.B., age 17, A.C.B., age 14, and A.A.B., age 10. The parties [] divorced on April 29, 2021. The related marriage settlement agreement dated December 12, 2020 had a section on custody providing Mother with primary physical custody and Father with partial custody to take place every other weekend from Friday at 5:00 p.m. to Sunday at 5:00 p.m.

Trial Court Memorandum, 11/18/22, at 1-2.

Mother filed a complaint for custody and a proposed notice of relocation on July 29, 2022. **Id.** at 2. Father opposed Mother's relocation. **Id.** An expedited hearing on Mother's proposed relocation was held on November 17, 2022. The next day, the trial court entered an order granting Mother's proposed relocation. Trial Court Order, 11/18/22.[1] Because Mother did not propose any changes to the custody-related terms of the parties' December 12, 2020 marriage settlement agreement, no changes to the parties' custody agreement were made at that time. **Id.**; **see also** N.T. Relocation Hearing, 11/17/22, at 8-9.

Father filed a counter-claim for modification of custody on December 2, 2022. In addition, on December 6, 2022, Father moved for reconsideration of the trial court's November 18, 2022 order. In his motion for reconsideration, Father not only renewed his objection to Mother's relocation, but also claimed that the trial court erred in granting relocation following only a two-hour hearing. Father's Motion for Reconsideration, 12/6/22, at *1 (unpaginated). The trial court issued an order on December 8, 2022, denying reconsideration. Trial Court Order, 12/8/22, at 1. In so doing, the trial court specifically held that "the parties were given adequate time at the [November 17, 2022] hearing to present evidence as to all the relocation factors and argue their respective positions as to relocation" and, as such, its "decision to

_____

[1] A.F.B., who was 17 at the time, elected to remain in Kittanning, Pennsylvania, with her grandparents to finish her senior year of high school. As such, she did not relocate with Mother and was not a subject of the trial court's November 18, 2022 relocation order.

- 2 -

grant the proposed relocation was supported by the record created by the parties." *Id.*

After the trial court disposed of Father's motion for reconsideration, the parties proceeded to a custody trial on April 4, 2023. At the outset of the hearing, the trial court adopted the testimony proffered during the November 17, 2022 relocation hearing, as well as the exhibits submitted by the parties. N.T. Trial, 4/4/23, at 6-7. Thereafter, the trial court received testimony from, *inter alia*, Mother, Father, and the Children. *Id.* at 7-250. On April 13, 2023, the trial court issued an order in which it "reaffirm[ed] its approval of Mother's relocation" and ordered the parties to continue shared legal custody and allow Mother to exercise primary physical custody of A.C.B., and A.A.B., subject to Father's periods of partial physical custody every other weekend, and "physical custody of A.F.B. as the parties may agree." Trial Court Memorandum, 4/13/23, at 11. This timely appeal followed.

Father raises the following issues on appeal:

1. Did the trial court abuse its discretion and err as a matter of law when it considered the November 1[8], 2022 interim order granting Mother's request for a temporary relocation pending trial as a final order of court and failed to consider evidence related to the relocation factors set forth in 23 Pa.C.S.A. § 5337 at the final hearing on April 4, 2023, and its final order of court dated April 12, 2023[?]

2. Did the trial court abuse is discretion and err as a matter of law when it denied Father appropriate notice and due process when it treated the November 18, 2022 order as a final order of court when the November 17, 2022[] hearing was scheduled to address the issue of a temporary relocation and Father was not afforded the opportunity to litigate the

- 3 -

issue of a final relocation at the April 4, 2023 hearing, despite his request for reconsideration?

3. Did the trial court abuse its discretion and err as a matter of law in reaffirming its approval of Mother's relocation without setting forth its reasons for doing so or addressing any of the relocation factors in its memorandum and order to incorporate additional testimony and evidence presented at the April 4, 2023 hearing?

4. Did the trial court abuse its discretion and err as a matter of law in its application of the custody factors set forth in 23 Pa.C.S.A. § 5338(a)?

Father's Brief at 4 (superfluous capitalization omitted).

In custody cases, our standard and scope of review are as follows:

In reviewing a custody order, our scope is of the broadest type and our standard [of review] is abuse of discretion. We must accept findings of the trial court that are supported by competent evidence of record, as our role does not include making independent factual determinations. In addition, with regard to issues of credibility and weight of the evidence, we must defer to the presiding trial judge who viewed and assessed the witnesses first-hand. However, we are not bound by the trial court's deductions or inferences from its factual findings. Ultimately, the test is whether the trial court's conclusions are unreasonable as shown by the evidence of record. We may reject the conclusions of the trial court only if they involve an error of law, or are unreasonable in light of the sustainable findings of the trial court.

*R.S. v. T.T.*, 113 A.3d 1254, 1257 (Pa. Super. 2015), *appeal denied*, 117 A.3d 298 (Pa. 2015) (citation omitted).

We have stated:

the discretion that a trial court employs in custody matters should be accorded the utmost respect, given the special nature of the proceeding and the lasting impact the result will have on the lives of the parties concerned. Indeed, the knowledge gained by a trial court in observing witnesses in a custody

proceeding cannot adequately be imparted to an appellate court by a printed record.

*R.L.P. v. R.F.M.*, 110 A.3d 201, 208 (Pa. Super. 2015) (citation omitted). Thus, we will only find an abuse of discretion "if in reaching a conclusion, the court overrides or misapplies the law, or the judgment exercised is shown by the record to be manifestly unreasonable or the product of partiality, prejudice, bias, or ill will[.]" *Estate of Sacchetti v. Sacchetti*, 128 A.3d 273, 282 (Pa. Super. 2015) (citation omitted).

Father's first three issues relate to the actions taken by the trial court with respect to Mother's proposed relocation. Initially, Father claims that the trial court abused its discretion by granting Mother's request for relocation following the November 17, 2022 hearing because it was only two hours and, as such, was not a "full evidentiary hearing." Father's Brief at 7. Then, Father challenges the trial court's decision to "reaffirm" its decision granting Mother's relocation in its April 12, 2023 custody order. *Id.* at 16. In Father's view, the trial court's November 18, 2022 order only "granted [Mother] temporary relocation pending trial." *Id.* at 15. Thus, Father claims that the trial court erred as a matter of law by "reaffirming" its decision regarding Mother's relocation without considering the evidence proffered by Father during the April 3, 2023 hearing and, further, in failing to set forth its reason for during so in its April 13, 2023 order. *Id.* at 11-25. In his final issue, Father claims that the trial court abused its discretion in its application of the custody factors set forth in 23 Pa.C.S.A. § 5338(a).

In general, a party is not permitted to relocate with children unless every individual with custody rights to the children consents or the party obtains court approval. 23 Pa.C.S.A. § 5337(b). If a party seeks to relocate, he or she must "notify every other individual who has custody rights" of the proposed relocation, as well as other information, to enable the "party entitled to receive notice" to file an "an objection to the proposed relocation." 23 Pa.C.S.A. § 5337 (c)(1), (c)(3), and (d).

> If a counter-affidavit regarding relocation is filed with the court which indicates the nonrelocating party objects either to the proposed relocation or to the modification of the custody order consistent with the proposal for revised custody schedule, the court shall modify the existing custody order only after holding a hearing to establish the terms and conditions of the order pursuant to the relocation indicating the rights, if any, of the nonrelocating parties.

23 Pa.C.S.A. § 5337(f). With regard to a hearing, Section 5337(g) states:

> (1) Except as set forth in paragraph (3), the court shall hold an expedited full hearing on the proposed relocation after a timely objection has been filed and before the relocation occurs.
>
> (2) Except as set forth in paragraph (3), the court may, on its own motion, hold an expedited full hearing on the proposed relocation before the relocation occurs.
>
> (3) Notwithstanding paragraphs (1) and (2), if the court finds that exigent circumstances exist, the court may approve the relocation pending an expedited full hearing.
>
> (4) If the court approves the proposed relocation, it shall:
>
>> (i) modify any existing custody order; or
>>
>> (ii) establish the terms and conditions of a custody order.

*Id.* "The party proposing the relocation has the burden of establishing that the relocation will serve the best interest of the child." 23 Pa.C.S.A. § 5337(i).

To determine whether to grant a proposed relocation, the court must consider the following factors:

> (1) The nature, quality, extent of involvement and duration of the child's relationship with the party proposing to relocate and with the nonrelocating party, siblings and other significant persons in the child's life.
>
> (2) The age, developmental stage, needs of the child and the likely impact the relocation will have on the child's physical, educational and emotional development, taking into consideration any special needs of the child.
>
> (3) The feasibility of preserving the relationship between the nonrelocating party and the child through suitable custody arrangements, considering the logistics and financial circumstances of the parties.
>
> (4) The child's preference, taking into consideration the age and maturity of the child.
>
> (5) Whether there is an established pattern of conduct of either party to promote or thwart the relationship of the child and the other party.
>
> (6) Whether the relocation will enhance the general quality of life for the party seeking the relocation, including, but not limited to, financial or emotional benefit or educational opportunity.
>
> (7) Whether the relocation will enhance the general quality of life for the child, including, but not limited to, financial or emotional benefit or educational opportunity.
>
> (8) The reasons and motivation of each party for seeking or opposing the relocation.
>
> (9) The present and past abuse committed by a party or member of the party's household and whether there is a continued risk of harm to the child or an abused party.

(10) Any other factor affecting the best interest of the child.

23 Pa.C.S.A. § 5337(h). "Each party has the burden of establishing that the integrity of that party's motives in either seeking the relocation or seeking to prevent the relocation." 23 Pa.C.S. § 5337(i)(2).

When making a relocation decision, if the court is also called upon to render a custody decision, the "court must consider all ten relocation factors and all [16] custody factors." *A.M.S. v. M.R.C.*, 70 A.3d 830, 836 (Pa. Super. 2013).[2] Section 5328 sets forth the custody factors to be considered. It states:

> (a) **Factors**.--In ordering any form of custody, the court shall determine the best interest of the child by considering all relevant factors, giving weighted consideration to those factors which affect the safety of the child, including the following:
>
> > (1) Which party is more likely to encourage and permit frequent and continuing contact between the child and another party.
> >
> > (2) The present and past abuse committed by a party or member of the party's household, whether there is a continued risk of harm to the child or an abused party and

_____

[2] If, however, a trial court's decision regarding relocation does not involve a custody decision, the court need not consider all ten relocation factors and all 16 custody factors. *See M.B.S. v. W.E.*, 232 A.3d 922, 930 (Pa. Super. 2020) (stating that "because the trial court did not decide physical or legal custody, or change the amount of custodial time that either party had with the children, its failure to examine the [Section 5328(a)] factors was not error"); *see also E.D. v. M.P.*, 33 A.3d 73, 82 n.6 (Pa. Super. 2011) (stating, "[i]n accordance with proper practice under [S]ection 5337, where the nonrelocating party merely objects to modification of the existing custody order in his[, or her, response to the petition for relocation], the trial court will not perform a best interests of the child analysis pursuant to the [S]ection 5328(a) factors, but will instead decide whether the existing custody order should be modified pursuant to the section 5337(h) factors").

which party can better provide adequate physical safeguards and supervision of the child.

(2.1) The information set forth in section 5329.1(a) (relating to consideration of child abuse and involvement with protective services).

(3) The parental duties performed by each party on behalf of the child.

(4) The need for stability and continuity in the child's education, family life and community life.

(5) The availability of extended family.

(6) The child's sibling relationships.

(7) The well-reasoned preference of the child, based on the child's maturity and judgment.

(8) The attempts of a parent to turn the child against the other parent, except in cases of domestic violence where reasonable safety measures are necessary to protect the child from harm.

(9) Which party is more likely to maintain a loving, stable, consistent and nurturing relationship with the child adequate for the child's emotional needs.

(10) Which party is more likely to attend to the daily physical, emotional, developmental, educational and special needs of the child.

(11) The proximity of the residences of the parties.

(12) Each party's availability to care for the child or ability to make appropriate child-care arrangements.

(13) The level of conflict between the parties and the willingness and ability of the parties to cooperate with one another. A party's effort to protect a child from abuse by another party is not evidence of unwillingness or inability to cooperate with that party.

(14) The history of drug or alcohol abuse of a party or member of a party's household.

(15) The mental and physical condition of a party or member of a party's household.

(16) Any other relevant factor.

23 Pa. C.S.A. § 5328(a).

We have reviewed the briefs of the parties, the relevant law, the certified record, and the opinions of the able trial court judge, the Honorable Chase G. McClister. We conclude that Father is not entitled to relief in this case for the reasons expressed in Judge McClister's November 18, 2022, April 13, 2023, and May 23, 2023 opinions. Therefore, we affirm based on Judge McClister's opinions and adopt them as our own. In any future filing with this or any other court addressing this ruling, the filing party shall attach copies of Judge McClister's November 18, 2022, April 13, 2023, and May 23, 2023 opinions.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 11/21/2023

- 10 -